UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALIA HAFEZ, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Civil Action No. 20-9019 (JXN) (JRA)<br><br>**OPINION** |

**NEALS**, District Judge

This matter having come before the Court on Defendant Equifax Information Services LLC's ("Equifax" or "Defendant") Motion to Dismiss Plaintiff Alia Hafez's ("Plaintiff") Second Amended Complaint for failure to state pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). (ECF No. 73.) Plaintiff opposed the motion (ECF No. 79), and Defendant replied in further support, (ECF No. 80). Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). The Court has considered the parties submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated herein, Defendant's Motion to Dismiss (ECF No. 73) is **GRANTED**.

I.  **BACKGROUND**[1]

Plaintiff is a borrower who, at all relevant times in 2020, had federal student loans serviced by non-party Navient. Plaintiff filed this action on July 16, 2020, on behalf of herself and a putative

---

[1] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

class of similarly situated against Equifax for its alleged "failure to adopt reasonable procedures to ensure the accuracy of consumer credit reports" in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681e(b). (ECF No. 70, Second Amended Complaint ("SAC" or "Complaint") ¶ 1.)

In March 2020, in response to the COVID-19 pandemic, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act") to ease the economic impact caused by the pandemic. (SAC ¶ 4.) Under the CARES Act, the payment, interest accrual, and collections on federal student loans held by the United States Department of Education were suspended from March 13, 2020 to September 30, 2020.[2] *See* Pub. L. No. 116-136, § 3513(a)–(b). As part of the CARES Act, accommodations[3] to any loan are required to be reported as "current" or otherwise "maintain the delinquent status during the period in which the accommodation is in effect." 15 U.S.C. § 1681s-2. (*Id*. ¶ 7.) "For purposes of reporting federal student loan information to Consumer Reporting Agencies during the suspended period, "accommodations to any loan are required to be reported as 'current' or otherwise 'maintain the delinquent status during the period in which the accommodation is in effect.' 15 U.S.C. § 1681s-2." (*Id*. ¶ 7.)

Plaintiff has federal student loans which Navient services. (*Id*. ¶ 17.) In March 2020, Plaintiff's federal student loan payments were suspended pursuant to the CARES Act. (*Id*.) Before

---

[2] The CARES Act forbearance Period has been extended several times since then —most recently until June 2023. Press Release, U.S. Dep't of Educ., Biden-Harris Administration Continues Fight for Student Debt Relief for Millions of Borrowers, Extends Student Loan Repayment Pause (November 22, 2022), https://www.ed.gov/news/press-releases/biden-harris-administration-continues-fight-student-debt-relief-millions-borrowers-extends-student-loan-repayment-pause. The Court may take judicial notice of information published to government websites on a motion to dismiss without converting it into a motion for summary judgment. *See, e.g.*, *Napold v. Parvatishver, LLC*, No. 17-584, 2018 WL 1089680, at *6 n.1 (W.D. Pa. Feb. 28, 2018) (taking judicial notice of government website); *Landair Transport, Inc. v. Del's Truck and Auto Repair*, No. 17-0723, 2018 WL 950208, at *2 n.1 (M.D. Pa. Feb. 20, 2018) (same); *United States v. Davis*, No. 15-379, 2020 WL 4193021, at *1 n.2 (E.D. Pa. Jul. 21, 2020) (same).

[3] The term "accommodation" includes an agreement to defer 1 or more payments, make a partial payment, forbear any delinquent amounts, modify a loan or contract, or any other assistance or relief granted to a consumer … during the covered period. 15 U.S.C. § 1681s-2.

the enactment of the CARES Act, Plaintiff's federal student loans were "a combination of current and delinquent." (*Id.*) On April 30, 2020, Plaintiff's credit score was 591. (*Id.*) On May 11, 2020, she obtained a copy of her consumer report from Equifax (the "May 11th Report"), which reflected a 97-point drop in her credit score from 591 to 494. (*Id.* ¶¶ 17, 31.) Plaintiff attributes the decline in her credit score to "the erroneous reporting of her student loans by her student loan servicer, Navient." (*Id.* ¶ 17.) Plaintiff asserts, "[u]pon information and belief, [that] this remark improperly reported that [her] U.S. Department of Education loans were in standard or crisis forbearance" (the "forbearance remark"). (*Id.* ¶ 31.) "On or about May 11, 2020, a remark appeared stating that a remark by 'US Dept. of ED/Navient' had been removed from the report." (*Id.* ¶¶ 17, 31). Plaintiff alleges that Defendant has not rectified her credit score, despite being informed, by Navient's removal of the remark, that the remark by Navient contained false and inaccurate information regarding her credit history and credit score. (*Id.* ¶ 17.) Plaintiff further alleges that her "inaccurate consumer report" was provided to third parties. (*Id.* ¶ 32.) On August 25, 2020, Equifax provided Plaintiff's consumer report to The Crossings at One (the "August 25th Report"). (*Id.* ¶¶ 17, 32.) The August 25th Report stated that Plaintiff's credit score was 490. (*Id.*) Plaintiff claims that her housing application with The Crossings at One was denied because "her credit history was deemed unsatisfactory due to Defendant's inaccurate reporting." (*Id* ¶ 17.)

Plaintiff alleges that Equifax "independently creates and reports consumer credit scores on consumer reports" via a credit scoring algorithm that "aggregat[es] the data in consumer reports and reducing it to a numerical score." (*Id.* ¶¶35, 36.) According to Plaintiff, because her student loan payments were suspended under the CARES Act, "Navient and Defendant were required to report all federally owned loans as current or to maintain their delinquent status." (*Id.* ¶ 33.) Instead, Plaintiff claims that Equifax "reported all federally owned student loans as being in

forbearance, causing student loan holders, [like] Plaintiff, to suffer a diminution in their credit score and rendering such scores false and misleading." (*Id.*) Plaintiff further alleges that Equifax failed to adjust its credit scoring algorithm to account for the relief provided to federal student loan borrowers under the CARES Act. (*Id.* ¶ 39.) Specifically, Plaintiff claims that rather than treating the suspension of borrowers' payment obligations as a score-neutral or score-positive event, Equifax treated the relief as a negative event, which resulted in an "a precipitous, sudden, and predictable drop in the credit scores of federal student loan borrowers whose loans were serviced by Navient." (*Id.* ¶¶ 40, 41.)

Plaintiff alleges that Equifax's conduct was willful and reckless because it knew or should have known that, pursuant to the CARES Act, federally owned student loans were required to be reported as "current" or otherwise their "delinquent status" was to be maintained." (*Id.* ¶ 49.) She also claims that Equifax knew, or should have known, that Navient was inaccurately reporting student loan payment history, and despite the same, it failed to take appropriate steps to ensure that the student loan information provided – and therefore its credit scoring – was accurate. (*Id.* ¶ 55.)

Plaintiff seeks compensatory, statutory, actual, and punitive damages. (*Id.* ¶ 72.) Plaintiff also seeks costs and attorneys' fees. (*Id.*)

Plaintiff's initial complaint was filed on July 16, 2020, against Equifax, Trans Union, and VantageScore. (ECF No. 1.) On September 11, 2020, all three defendants moved to dismiss the complaint. (ECF Nos. 30-32.) Instead of opposing the defendants' motions, Plaintiff filed an amended complaint on October 20, 2020 (ECF No. 50), which the defendants also moved to dismiss, (ECF Nos. 54-56, 62-67.) On April 23, 2021, the Honorable Susan D. Wigenton, U.S.D.J. ("Judge Wigenton"), dismissed Plaintiff's amended complaint without prejudice. (ECF Nos. 68, 69.)

On May 21, 2021, Plaintiff filed her Second Amended Complaint, naming Equifax as the sole defendant. (*See* SAC.) In the Complaint, Plaintiff asserts a single cause of action against Equifax for negligent and willful noncompliance with 15 U.S.C. § 1681e(b) of the FCRA. (*Id*. ¶¶ 65–72.)

On June 25, 2021, Equifax moved to dismiss Plaintiff's Complaint. (ECF No. 73.) Plaintiff opposed the motion (ECF No. 79), and Equifax replied in further support (ECF No. 80). The motion is now ripe for the Court's consideration.

## II.     LEGAL STANDARD

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a

complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### III.   DISCUSSION

#### A.   The FCRA

Section 1681e(b) "requires consumer reporting agencies to 'follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.'" *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019) (quoting 15 U.S.C. § 1681e(b)). A plaintiff must plead the following four elements as to a Section 1681e(b) claim: Plaintiff must allege that: (1) inaccurate information was included on their consumer report; (2) the inaccuracy was due to the CRA's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered an injury; and (4) that injury was caused by the inclusion of inaccurate information. *Cortez v. Trans Union*, LLC, 617 F.3d 688, 708 (3d Cir. 2010) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)).[4] It is the plaintiff's burden to establish that the reported information was inaccurate. *See Angino v. Trans Union, LLC, 784 F. App'x 67, 69 (3d Cir. 2019)*; *Kaetz v. Educ. Credit Mgmt. Corp.*, No. 16-09225, 2019 WL 4745289, at *6 (D.N.J. Sept. 30, 2019),

---

[4] The FCRA provides for civil liability for noncompliance due to willfulness and negligence. *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act). To show willful noncompliance, a plaintiff must show the defendant acted knowingly or with reckless disregard of the statute's terms. *Seamans v. Temple Univ.*, 744 F.3d 853, 868 (3d Cir. 2014).

reconsideration denied, No. 16-09225, 2020 WL 3542382 (D.N.J. June 30, 2020) (citing *Cortez*, 617 F.3d at 708).

To state a viable claim under the FCRA, Plaintiff must establish that the information in her credit report was inaccurate. *Cortez*, 617 F.3d at 708, 712–13. The Court does not need to reach or consider the reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e unless the information in the report is inaccurate. *See Angino*, 784 F. App'x at 69 ("[W]e can assume that absent any indication that the information is inaccurate, the statute does not mandate further investigation." (internal quotation omitted)). In short, the threshold question as to Equifax is whether the information in Plaintiff's credit report was inaccurate or misleading.

### 1. Plaintiff has failed to State a Claim of Negligent Violation Under § 1681e(b)

Plaintiff claims that "[d]ue to the CARES Act, [Equifax] knew, or should have known, that Navient was inaccurately reporting student loan payment history." (SAC ¶ 55.) However, more than a month after the CARES Act was enacted, Defendant failed to take appropriate steps to ensure that the student loan information provided and its credit scoring was accurate. (*Id*.) Specifically, Plaintiff alleges that Equifax (a) inaccurately reported the status of their federal student loans; (b) after learning of the inaccurate information furnished by Navient, [Equifax] continued to include inaccurate information in their reports including, but not limited to, in the credit score itself; and (c) adopted a policy of failing to review information from its furnisher and retract such information. (*Id*. ¶ 70 a-c.)

Defendant argues that Plaintiff's Complaint be dismissed because she has failed to allege that Equifax's reporting was inaccurate or inconsistent with the FCRA. (ECF No. 73 at 8-9.) The Court agrees.

In her April 23, 2021 Opinion, Judge Wigenton dismissed Plaintiff's amended complaint because it failed to meet the pleading standards of Rule 8. (*See* ECF No. 68 at 8-11.) Plaintiff was advised that her amended complaint would not survive dismissal unless it provided additional allegations to support her claim. (*See id*. at 9 n.8, n.9, 10 n.10, n.11, 11 n.12.) However, Plaintiff has failed to please sufficient facts in her Complaint to establish a claim under Section 1681e(b). Thus, it again falls short.

To prevail on a Section 1681e(b) claim, Plaintiff must show that her credit report contains inaccurate information. *See Angino*, 784 F. App'x at 69. First, Plaintiff fails to specify whether the inaccuracy she disputes Equifax reported includes the "forbearance" remark and/or Plaintiff's lower credit score. (*See id*. ¶¶ 17, 32 (claiming that her "inaccurate consumer report was provided to third parties on several occasions" but failing to specify the purported inaccuracies in each report).) In the Complaint, Plaintiff incorrectly asserts that "any consumer report that reports student loans as being in 'forbearance' is patently inaccurate." (SAC ¶ 26). Section 1681s-2(F)(ii)) provides that if a furnisher makes an accommodation[5] with respect to one or more payments on a consumer's credit obligation, they must report the loan as "current" or "delinquent" depending on the status of the consumer's credit obligation or account prior to the accommodation. *See* 15 U.S.C. § 1681s-2(F)(ii). However, an account's status as "current" or "delinquent" (*see id*. ¶ 27) is not mutually exclusive with being in forbearance; for example, a loan may be both delinquent and in forbearance. In fact, the Consumer Financial Protection Bureau's ("CFPB") guidance cited in Plaintiff's Complaint acknowledges the same when it warned furnishers against solely reporting a

---

[5] An "accommodation" includes agreements to defer one or more payments, make a partial payment, forbear any delinquent amounts, or modify a loan or contract. CARES Act, Pub. L. 116-136, section 4021, codified at FCRA section 623(a)(1)(F)(i)(I), 15 U.S.C. 1681s-2(a)(1)(F)(i)(I).

forbearance without complying with other CARES Act reporting requirements.[6] In other words, a furnisher can report a forbearance in addition to, but not in lieu of, the account status. And, while Plaintiff does not state the specifics of the accommodation(s) she received on her federal student loans[7] during the covered period, the Complaint states that her loan payments were "suspended pursuant to the CARES ACT"—i.e., in forbearance. (*Id*.) Significantly, Plaintiff does not allege that Equifax inaccurately reported a payment as missed or that it inaccurately reported any of her accounts as delinquent when they were not.

Plaintiff claims that her credit score, as reported on May 11th Report, fell because Navient erroneously reported her federal student loans as in "forbearance."[8] (SAC ¶ 17.) However, she concedes that Navient removed the inaccurate forbearance remark "[o]n or about May 11, 2020". (*See id*. ¶¶ 13, 29.) For example, Plaintiff alleges that Equifax provided an inaccurate consumer report to The Crossings at One on August 25, 2020; however, she does not specify what inaccuracy

---

[6] Specifically, Question 4 on the Consumer Financial Protection Bureau's "Consumer Reporting FAQs Related to the Cares Act and Covid-19 Pandemic" states as follows:

> Can a furnisher comply with the requirements of the CARES Act relating to reporting of accommodations simply by using a special comment code to report a natural or declared disaster or forbearance?
>
> ANSWER (UPDATED 6/16/2020): As discussed in FAQ #2 above, the CARES Act requires a furnisher to report a credit obligation or account as current if it was current prior to the accommodation or not to advance the level of delinquency if it was delinquent prior to the accommodation. Furnishing a special comment code indicating that a consumer with an account is impacted by a disaster or that the consumer's account is in forbearance does not provide consumer reporting agencies with this CARES Act-required information and therefore furnishing such a comment code is not a substitute for complying with these requirements.

Consumer Reporting FAQs Related to the CARES Act and COVID-19 Pandemic (June 16, 2020), available at https://files.consumerfinance.gov/f/documents/cfpb_fcra_consumer-reporting-faqs-covid-19_2020-06.pdf.

[7] While Plaintiff's Complaint acknowledges that she has more than one federal student loan (*see* SAC ¶ 17 (stating that her "*student loans* were a combination of current and delinquent...") (emphasis added)), she fails specify which of these accounts were impacted by Navient's forbearance remark or Equifax's alleged inaccurate reporting of the same. Plaintiff also fails to provide any information regarding the individual status for impacted accounts, (whether they were "current" or "delinquent" prior to the enactment of the CARES ACT).

[8] The Court notes that while Plaintiff claims that her credit score dropped by approximately 97, points from 591 on April 30, 2020, to 494 as reflected in her May 11th Report (*id*. ¶ 17), she fails to allege whether the April 30, 2020 credit score was produced by Equifax or by a separate company.

the report allegedly included. (*See id*. ¶ 17.) Notably, Plaintiff does not allege that Equifax misreported the status of her student loans (as current or delinquent) or that Equifax improperly included any forbearance "remark" by Navient in the August 25th Report. To the contrary, Plaintiff concedes that Navient's "remark" was removed "[o]n or about May 11, 2020, months before the report was allegedly provided to The Crossings on August 25, 2020. (*See id*. ¶¶ 31-32.) Further, in her opposition brief, Plaintiff asserts that she is "not challenging the accuracy, or the characterization of the Navient Remark" instead, "Plaintiff alleges that her credit score was inaccurate because Defendant did not rectify her "credit score, despite being informed, by Navient's removal of the remark, that the remark by Navient contained false and inaccurate information." (ECF No. 79 at 8.) Thus, to the extent that the purported "inaccuracy" Plaintiff is challenging is the credit score that she alleges appeared in the August 25th Report, (SAC ¶¶ 32, 33), it is insufficient to support her § 1681e(b) claim.

Plaintiff claims that Equifax did not comply with its reporting obligations under the CARES Act. (*See id.* ¶ 49. (asserting that "Defendant should never have incorporated "forbearance" remarks for federal student loans into their credit scoring…" and that "[Equifax] failed to adjust its credit scoring algorithm to account for relief provided to borrowers under the CARES Act." (*Id*. ¶ 39.) However, the reporting provisions of the FCRA at issue only impose specific reporting requirements on furnishers like Navient. *See* 15 U.S.C. § 1681s-2(F)(ii) (stating that "furnisher[s] shall" report loans in administrative forbearance as either current or "maintain the delinquent status during the period in which the accommodation is in effect."). Section 1681s-2(F) does not impose obligations on CRAs like Equifax nor prohibit or compel the inclusion of any information in credit-scoring models. In fact, "the [FCRA] allows credit agencies to report "[a]ny ... adverse item of information ... which antedates the report by more than seven years."

*Angino*, 784 F. App'x at 69 (quoting 15 U.S.C. § 1681c(a)(5).) Additionally, "a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer." 15 U.S.C. § 1681g(c)(2)(E). Moreover, Plaintiff has not identified any authority, including any new authority in the CARES Act, that prohibits the inclusion of forbearance remarks into credit scoring models, dictates how credit scores are to be calculated, or impose any restrictions on how credit scores may be impacted by accommodations lenders may make.

The facts in Plaintiff's Complaint do not support a claim for negligent noncompliance in violation of 15 U.S.C. § 1681e(b).[9] Plaintiff has failed to present facts that suggest that Equifax's reporting of her federal student loans is based on false information or inaccuracies. For these reasons, Plaintiff's Complaint is dismissed.

## IV. CONCLUSION

For the foregoing reasons, Equifax's Motion to Dismiss is **GRANTED** without prejudice. Plaintiff may amend her complaint within thirty days to the extent she can cure the pleading deficiencies outlined above. An appropriate Form of Order accompanies this Opinion.

DATED: March 30, 2023

/s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

---

[9] Because Plaintiff has failed to establish that her credit reports are inaccurate or misleading, the Court need not reach or consider the issue of actual damages or a willful violation of the FCRA. Thus, this Court's inquiry ends with this analysis.